May it please the court, Alexander Giles, on behalf of plaintiff, appellant, cross-appellee, Dr. Amir Fawzy. The reason we're here today is amnesty jurisdiction. And whether amnesty jurisdiction exists or not,  to the extent that it would support a Rule B attachment in this particular matter. We allege it did. Judge Bennett and Wauquiez believes it does not. On the basis of East River, East River Steamship Corporation v. Transamerica Toll. Counsel, can I just, before we even get to sort of the underlying merits of that question, can you explain how this appeal is not interlocutory? Why do we have jurisdiction? There's not a final order, is there? No, there is a final order. How can there be a final order if the amended complaint is still hanging out there? Well, it was error by the judge below, Judge Bennett, in terms of not recognizing the amendment. So we're going to send it back, let him issue a final order, and then we can talk about the amendment. I guess that's one of the options that this court could undertake. Well, what other is there if it's interlocutory? Well, I don't believe it is interlocutory. I believe it's a final judgment. He issued a final judgment. He closed the case. We had a complaint. We had a motion to dismiss the complaint. We had an oral argument on the motion. Correct. Then we have an amended complaint. Correct, Your Honor. Not before the court issues its order. Absolutely. So the operative complaint, and that was a matter of right. The operative complaint is the amended complaint, right? That's correct, Your Honor. Then the court comes in and issues an order dismissing the first complaint. Correct, Your Honor. Second complaint has not been disposed of. That is correct, Your Honor. So all the proceedings have not been finished in the district court. If that's the position that this court wants to take. No, I'm saying as a matter of fact. You must acknowledge that he walks you through it. Oh. And the amended complaint is still there. It's not a final order. And, Your Honor. You said this is an admiralty jurisdiction case. It's an appellate jurisdiction issue. It's first. First and foremost. Right. Well, we can't help you unless you've got a final decision. And you just walk. Judge Debar just walked you through it. And the amended complaint has never been addressed. That's correct. It has not been addressed. No, it's still there. And a final order has to dispose of all things. Right? That's the definition of a final order. There's nothing more to be done. I believe. That's the definition of a final order. Right. I believe that it was disposed of erroneously. No, no. It wasn't disposed of at all. It's still there. The judge never addressed the amended complaint. And if that's the decision this court wants to make. If that's the decision, that's factual. Tell me if that's wrong. Right. No, but I'm fine with that. No, I'm not asking you whether you're fine. I want to establish the facts. Do you agree that that amended complaint has never been addressed by the district court? I agree that that amended complaint has never been dealt with by the district court. So it's still there. And the case is still in the district court. We can't do anything about it. You've got to get an order on the. . . That's a final decision under Section 1291 to bring a 1291 appeal, which is what you say you have. You don't have. I believe that the lower court disposed of it. They closed the case. They may have done so erroneously. Opposing counsel believes that we should have brought a Rule 60A motion. I don't believe that this is the law. Procedurally, you have to get around the final order problem, and the final order is one that disposes of all matters before the court so that there's nothing more for the court to do. And you agree the court has not addressed the second complaint. I agree that the court has not addressed the First Amendment complaint. That's correct. And so. . . In your brief, you say we ought to address the First Amendment complaint. No, I did not. There's an argument that the First Amendment complaint really is indifferent. That's what opposing says, that it's indifferent. Somebody says that we could address it. You both say there's jurisdiction, and I don't know how there is. But somebody says we ought to do it. It doesn't make any difference. That was not Fawzi, Your Honor. That was Vahki. You're the one who filed the Notice of Appeal. I did? You've got to have an appealable order to come up here with a Notice of Appeal. I believe that we do have an appealable order. We've got to have a final order, mostly, unless you've got some exception to it. Right. You've got any exceptions? I know you're not really on board with the premise, but assuming that we don't have a final order here, there are exceptions. Any exception? What about the part where the district court, I'm sure I remember this right, did attachment order? That's not been an issue raised, obviously, fully in terms of that fact. But they did dissolve the attachment. Might that come in under the collateral order doctrine? Potentially, Your Honor. Is that something you're arguing? That is not something that we're arguing here now. You haven't argued any exceptions to the final order. You don't claim it satisfies the collateral order doctrine? No, we do not. We are arguing that it's a final order. You're arguing it's a final order. How can you argue it's a final order when you agreed with me that a final order has to dispose of all matters before the court so that there is nothing more that the court has to do? Isn't that the definition of a final order? I agree, Your Honor, yes. Well, now how can you argue it's a final order? I agree. My point is that he erroneously did not address, the lower court erroneously did not address the amended complaint. I agree with you. That would be in every interlocutory case. Well, and as I say, if this court is of the opinion that this matter needs to be sent back so that Judge Bennett can deal with it. He's not sending it back. If you don't have a final order, we dismiss it. We don't have jurisdiction to send it back. We don't have jurisdiction to do anything about it. We can dismiss it if there's no final order. You have to say either claim there's a final order or you have to claim an exception somewhere, some kind of an exception, and there are very many for getting up here on an interlocutory basis, a non-final order that's appealable. So if one's for injunctions, for example, if you get somebody in the court that enjoined you, you come up on an injunction. It's a non-final order. But that's not an injunction. That's not the issue here, right. That's not an injunction. You could argue that he didn't have a right to amend, but you don't make that argument, and it would be frivolous. But that might help you. If he could legitimately with a straight face argue that, he couldn't have filed the amendment, and therefore the amendment proposed to amend the complaint was void or something. But you don't argue that. You don't make a plausible argument to get around the final order document. You're right. Our argument is that there's a final order. And with all due respect to Judge Neumeier and I, I understand your point. We believe that we're properly here. Opposing counsel believes that we're properly here. Let's stay rational. How are you properly here? We believe that there's a final order. I thought you agreed with me that it's not a final order. Didn't you agree with me that it's not a final order? No, I agreed with you. Because a final order has to dispose of everything that's before the court? I agreed with Your Honor as to the fact that the lower court did not address amending a complaint. Their order, their memorandum of opinion, obviously goes to the. . . Well, the memorandum of opinion still is there then, undisposed of, right? Evidently, Your Honor. What do you mean evidently? Am I seeing something wrong? I believe that the case is properly here. Do you agree they had a right to amend? We were the ones who amended. All right. Yes, I agree that we had the right to amend. There was a right to amend. Correct. All right. 15A1, which was utilized. 15A1. Correct. 15A1, right to amend, applies to the amended complaint, became the operative complaint. Agreed with you. And it was filed in the clerk's office, period. Correct. And restored. The court was opposed to a complaint that was not operative. Correct. I agree with you, Your Honor. Well, how can that be final? You say, but it's a final order anyway? I believe it is based on the way that the case was closed. I think maybe what's going on is you think that because the district court thought it took care of everything, that means it's a final order. But in our court, we've been really clear in our case law that even if the district court mistakenly believes there's nothing in front of it, if in fact there's something in front of it, notwithstanding the district court's confusion and good-faith error, we don't have a final order. This is a great tragedy because the district court didn't know because it was an hour apart. I agree, Your Honor. Somebody should have notified the district court. I mean, that's the problem, I think. If not before the order, after. Judge, it was a mistake made here. You didn't know that we had filed a complaint, amended a complaint. Yeah, and opposing counsel raises that it should have been raised as a 68. We don't think this is a clerical mistake. You could have written a letter to the judge and said before you issued your order, one hour before you issued your order, we filed an amended complaint that needs to be addressed. I can guarantee you that district judge would have addressed it. He would have probably looked at it and said, probably concluded, well, it's not materially different, or he'd have a little hearing, or he'd say brief it or something. But no one brought it to the attention of the judge. The judge is really not to blame. He issued his order, and he didn't know that an hour before the amended complaint had been filed. I mean, he doesn't check the docket as he's ready to file his docket. I agree that that's logistically. Because of the events, we have to examine whether we have a final order before us. Right. So obviously that issue being there, why don't I move on to some of the other issues here. In the event that you guys do determine that you have jurisdiction, you're not going to dismiss. In terms of the administrative jurisdiction, we believe it exists. We believe that East River. Are you arguing on what complaint are you arguing? I'm arguing on the First Amendment complaint. So you're arguing on the complaint the district court never addressed. That's correct, Your Honor. So you want us to evaluate that complaint to determine whether it's administrative. And I'll argue on the original complaint issue. That's what I said earlier. You were arguing that that amended complaint is sufficient. And you said you didn't argue that. Now you want to argue that to us. Both these issues were raised initially under the original. You've got to have an appealable order to come up here and argue about that. You've got to have it addressed by the district court. You can't mousetrap a district court like that. You've got to give them a chance to rule on your issue. We raised these issues at the hearing prior to filing the amended complaint. So these are issues that were as to the original complaint as well. Well, there's a difference between the two. And your amended complaint addresses some of the arguments made at the argument before the district court. And now the district court has to determine whether you cured the problem. That's correct, yes. Can I ask you a question? Sure. I'd be pleased to know this isn't about what we've been talking about. But where is the Pilot Saloon 48 now? Is it still in the jurisdiction? It is not in the jurisdiction, as I understand. But maybe opposing counsel can illuminate you. Would you be able to get your hands on it? I mean, if somebody did reinstate the attachment, would you be able to get your hands on it? We believe, pursuant to the Republican National Bank of Miami, as well as Ventura Packers, that the court still has jurisdiction over the property and could order them to return it. Well, I thought just the opposite. I thought once you attach a ship, if the owner comes in, you have jurisdiction over the owner. And the ship was the linkage to get them in. It's no longer necessary to have the ship. You have in personam jurisdiction over the owner, right? That's correct. You're quasi in rem. Yeah. Right. And there's case law. There's Theodore and Shipp's services. The attachment was to get jurisdiction over the ship. Or if they didn't come in, you'd have jurisdiction over the ship itself. Correct. Quasi in rem. Yeah. But there is case law that says that the court has equitable powers to get them to return the ship or to return something of like value. Well, they came into the court and responded. They did. And that's the theory of the attachment process, isn't it? Correct. So then why do you want it reattached? I don't get it. No, it's not that we want it reattached. If we determine that amnesty jurisdiction existed, this shouldn't have been dismissed by Judge Bennett, that we're properly back before the court, we want the availability of the funds to be there if we're successful in our action. Okay. With a little bit of time left here, I'll address sort of the cross-appeal. Can you have a cross-appeal if you don't have an appeal? You're laughing. That's a simple question. If there is not an appeal, then, yes, there is not a cross-appeal. Okay. So the cross-appeal would fail with the appeal. See, I thought we issued that order a couple weeks ago to ask you fellows to vote for jurisdiction. I thought that would be the end of this case, that somebody would look at the jurisdictional authorities, both sides, and agree that the Fourth Circuit Court of Appeals couldn't do anything about any of this, that there was no jurisdiction for the appeal, so there could be no jurisdiction for the cross-appeal, and that we wouldn't have an oral argument. And you all filed briefs and said there's jurisdiction. And now we're down here arguing about something that I don't understand. I was a little confused by it. I don't understand why nobody can see that there's no jurisdiction. Maybe I'm stupid, but, you know, I've been through some of this stuff. I didn't come over on the pickle button. Well, Judge King, I was a little confused by opposing councils or opposing parties. At one point they argued that there wasn't jurisdiction, and then later they argued there was jurisdiction. Yeah, but you're the one that started it. You filed a notice of appeal. We did, yes. I see that my time is up. Well, their cross-appeal is obviously conditional, I suppose. I mean, if there's jurisdiction, then they want their sanctions. I think that's the issue, but I don't think they're taking the view that there's no jurisdiction up here. It doesn't mean they couldn't argue that, because they may lose on the jurisdiction issue. I agree that their motion for sanctions is contingent upon jurisdiction. Yeah. Okay. Thank you. Mr. Hartman? Thank you. Good morning. My name is Ed Hartman. I'm here on behalf of Waukee Votes, and thank you for pronouncing their name correctly. You were one of the first ones to get that right. I think I know what your questions are. We have an issue with- Are you from France? Pardon me? Are you from France? I am not. I'm from Annapolis. I know that. That's quite different. But many of my clients are from France. Waukee is a small, well-respected boat builder that tried to make its way into the United States last October at the Annapolis Boat Show, the most significant event in the world for sailing, and it was destroyed for them, and we would like remediation for that. But I will put that aside. The reason that I believe there is jurisdiction is due to the unique nature of maritime proceedings in this particular instance and that the, in my view, and I'll be the first to- What are you arguing now? Are you arguing for admiralty or are you arguing for- Appellate jurisdiction. Appellate. Appellate jurisdiction. You claim there's appellate jurisdiction under Section 1291 of Title 28. I claim there's appellate jurisdiction. I can't, if that's the correct section to which I'm citing, I- Well, that's the final judgment. That says only final judgments may be appealed. And here's why. Because of the unique nature of maritime proceedings, especially this particular prompt hearing that is permitted, we had a complaint filed. We then had argument, proffers of evidence, and discussion at this hearing, which were precise- So it was a hearing before Judge Bennett- Yes, Your Honor. Before this amended complaint was filed. That's correct, Your Honor. Okay. And at that hearing, in addition to those allegations which were made in the complaint, the original complaint, were additional, barely additional allegations that were alleged about some other things. The amended complaint merely stated the oral amendments that were made at the hearing, on the prompt hearing that- The argument is that the amended complaint was anticipated and disposed of. That's correct, Your Honor. It was orally amended. It was orally amended and this was merely a documentation of the oral amendments to the facts and law that were made- Except all the matters that were covered in the amended complaint. I mean, there was talks about misrepresentation and infliction of emotional distress and torts committed after the sale, whether they're true or not. Those would be maritime torts if they were true to be asserted. Well, no, Your Honor. Well, they may not be. I mean, that would be their argument, but the real problem is now you're having us determine, based on an oral argument for the district judge on a non-operative complaint, that the court made a ruling or understood all the matters that were going to be included in the amended complaint, even though it never addressed the amended complaint. Well, it's my position that he did address the amended complaint in substance and form because the amended complaint nearly recites those statements made at the hearing which he spoke to, including- Well, if we can go now and look at oral statements at an oral argument and say they anticipated all the amended complaint, you're asking us to look at the amended complaint and say it added nothing, therefore it needed not to be addressed. I'm saying that it was addressed. The amended complaint was filed legitimately and legally under the rules and has never been disposed of. The court never came in and said, I already covered that and issued an order. It's still sitting there. Well, what the court did in its memorandum opinion is address all issues raised- Addressed issues. It may have addressed every issue right down to the line. Yes. But the amended complaint was legitimately and legally filed before the court issued its order. I agree. And so it rendered that, under case law, renders the first complaint inoperative. And so that you now have an unaddressed complaint. Now, the court clearly didn't address it. It may have addressed the issues, but it didn't address that complaint. That's where I disagree. I believe- Well, it didn't even know about a second complaint. You're talking about form over substance. You're saying he addressed the complaint he didn't know about. He addressed the substance? He addressed the amended complaint, you're saying, that he didn't know anything about. He didn't know that there was- He hadn't seen it, and he didn't purport in his writing to dismiss it. He did not know that it was going to be filed in writing. I agree. Did you agree with what Judge Demeyer said? You said the previous answer was I agree with you. Did you agree with that? Well, he said about five things. I honestly don't remember now which one it was. My main thing is that regardless of what he addressed or may have addressed or what he understood or what he thought he was disposing of, he never saw the amended complaint, which is different from the first complaint, and he never addressed it. And under our rules is if he has not disposed of that complaint, which is operative, it's the operative complaint in this case, we don't have an interlocutory appeal. I understand your argument, Your Honor. But my argument, maybe you don't understand mine. I do. I understand. This is your argument. The oral argument went beyond the original complaint. It covered every single issue to the T that was anticipated in the amended complaint. Before the court issues its order, they file the amended complaint covering just those new issues that were addressed in the oral argument. That's correct. Therefore, the court automatically disposed of this amended complaint without knowing it was coming. No. Well, when you say without knowing it was coming, the court didn't know there was going to be a paper file, but the complaint was amended. Don't we file, isn't the whole pleading process, the filing of papers, an action is commenced by the filing of a complaint. It is. The complaint was filed in this case as inoperative. But this is why I still agree with you. The action was commenced by filing the amended complaint. That's the part I agree with, that it is inoperative because it was amended orally at the hearing. And this is the reason this is a unique aspect. You don't amend a complaint orally. Can you amend a complaint orally? Give me a case where you've amended a complaint orally. This one. Is this the first case in the history of the United States? You want us to amend Section 1291. I do not, Your Honor. Which you didn't know about. I do not. And you want us to file an order. You want us to amend all the rules. Your Honor, the reason is because this is of the unique nature of maritime proceedings where you have this. It has nothing to do with maritime. It does. We're talking about rules of procedure. Of course we are. Section 12. But maritime procedure has its own extra rules. They are supplemental local and federal maritime rules. There's a valid jurisdiction in this court. I understand that. Whether it's maritime or anything else. The interlocutory order applies in a maritime case. A pleading, the definition of a pleading applies in a maritime case. You can't go to the court and say I'm filing a complaint today. This is the nature of my complaint. And then get on the telephone and tell the other person. But with legal court, you can't. You've got to commit by the filing of a complaint. I have seen pleadings amended, complaints amended orally in court many, many times over my 33 years of litigation. Many times. They are accepted by the court at that time. Did the court accept this amendment? I believe it did. I believe by that in substance it reviewed those additional because it addressed them. If you read the opinion in Memorandum Order of Judge Bennett, it addressed the substance of the amended complaint as it was orally amended and the written amended complaint was merely documentation of that which occurred at the hearing. So you want pleading now to be conducted orally and in writing, and you want the rules, the rules for amendment, Rule 15, which requires the filing of an amended complaint within so many days as of right, you want all those to now be construed to be satisfied if somebody just says something poorly to the court. I think it depends on the case, Your Honor. I don't think there's any prohibition against a court accepting an oral amendment to the complaint at a maritime hearing, which is required regarding the seizure. And since that did happen in substance, I believe it is within the power of this court. Let's go to your hypothetical. There's nothing you're saying that precludes the court from accepting an oral amendment. The question is, in that hypothetical, somebody had to request the amendment and the court had to approve it, right? That's correct. Then it'd have to enter an order. Yeah, it'd have to enter an order. You don't have any of those. He didn't request an amendment during the argument, and the court didn't say, I'm approving an amendment. Now we're going to have pleadings amended simply because the issues were discussed of a future complaint that's never been discussed or filed. Whether or not those exact words were used is form over substance. What we have is the complaint was actually amended. Why don't we just make them oral rules? This is a very unique case. No, this is not unique. It's very unique. It's a federal lawsuit, and the jurisdiction is admiralty jurisdiction, but the pleadings are governed by the pleading rules, the commencement of an action, the filing of motions to dismiss, the right to amend as a matter of right by filing an amended complaint. Those are the normal ways to do things, but that doesn't mean that this can't happen. The court never reported to amend this. Nobody requested the amendment, and nobody granted it. So now you're saying it's amended because everybody thought of the same issues during the discussion. Because it was actually amended. When the amended complaint was filed, you don't think that was the first amended complaint. You think that was the second amended complaint? I think that was a recitation of the amendment. You can see that this is going to get pretty darn complicated, right? I agree. So you can inadvertently amend your own complaint through something you say at oral argument and then find out, oh, shoot, I've already filed my first amendment. Now I have to see if I can get a second? I mean, how is this going to work? Don't dismiss his second amended complaint because under the rule, you only get one. So you could use up your one at oral argument by mistake? I don't think it was a mistake at all. You didn't request amendments, and the court didn't grant it, but you're saying it was amended anyway. I'm saying it was amended. Now it's amended anyway at oral argument. It was amended at oral argument. Okay, so the one he filed in court before the opinion is now the second amended complaint. No, sir. It is a written representation of the oral amendment that was made. You didn't say that. That's what I just said five times. Is it surplusage here? Is the amended complaint surplusage then? It is not. It is not. And he had a right, they had a right to file the amended complaint, of right, was filed of right before the decision of the court that you're trying to appeal. I believe the complaint was amended at the hearing and that document that was filed 59 minutes before the order was entered, or whatever the time was, was simply a representation of the amendment that was made. Look, I'm trying to find a way. I'll be honest. I'm trying to find a way for you not to send this back down. I know who you are. My client incurred tens of thousands of dollars of moral free speech. Both you fellows seem to be capable lawyers, and I'm at a loss to understand the positions that you're espousing here today. I thought this was pretty simple, and I am. It's easy to throw it out. It's easy to throw it out. I'm not throwing it out. You should have a right to come. Yes, you are. It's impossible to comply with what you say when nobody requested an amended complaint, the court didn't grant an amended complaint, and all they did is argue matters beyond the first complaint. That is a de facto amendment of the complaint. Now we have to assume. You can find that. Just a minute. We have to assume that a complaint was amended when no one was discussing an amended complaint. That's all we were discussing the entire hearing was the complaint as Mr. Giles amended it. The insufficiency thereof. How does process function in that case? I mean, we're going to go into a dreamland. No, we're not. They didn't even discuss an amended complaint, and you're saying it was amended, and that put everybody on notice, and when the court issued an order disposing of the first complaint, he automatically disposed of the second complaint because it was amended. The court didn't discuss the second amended complaint, did he? Yes, they did. When he wrote his order, I didn't see that. They discussed the complaint as it was amended orally at the hearing. It wasn't amended. It was. It's substance, Your Honor, just because the people didn't use the exact words that you wish they had used or that I wish they had used. I was thinking you could be a candidate for the Rules Committee, but I'm not sure. We do what we have to do to try to move our cases. You do away with the rules and the statute. Not at all. I believe you can make an oral amendment of a complaint at a trial in substance. Don't you have to request it and the court approve it? I think that the action of doing so and all parties present consenting to that is to request. Answer my question. Have you ever had a complaint amended where you never requested it and the court never granted it? Where it was never requested and the court did not grant it? No. You never requested it and there was never a court approval. In other words, there was no discussion about amending the complaint. Well, that's not what happened here. There was no discussion of the amended complaint. The entire discussion was of the amended complaint in substance. I realize you disagree with me. No, I don't disagree with you. I just didn't see the words in there. It doesn't have to be in those words. There are no magic words in federal court. There are substance it's about. You don't have to say, we don't have to pick up dirt and sticks anymore when we transfer properties to a deed to a property. The substance of what happened was an amended complaint. If the court has the power to recognize that, if they choose, and then they can hold jurisdiction and deal with this matter and not punish Waukee further for the dare act of trying to do business in this country and send it back down so they can incur another $10,000. You have to be mind readers. No, you don't. You have to read the transcript of Judge Bennett's opinion and the hearing. Every matter that was addressed in the amended complaint was in that particular hearing. It was early amended by act and substance, if not perfect. Without request. The request occurred because I didn't object to it. Well, there's nothing to object to because they didn't request it. Of course there was. I could absolutely have objected and terminated any discussion beyond the words of the complaint. You can amend the complaint just because you hazard a discussion into something that's going to be done in the future. I mean, without discussing amended complaint? They didn't request amendment, and the court didn't discuss amendment, and you didn't discuss amendment. And yet the complaint was amended automatically by some act of the Holy Spirit. I don't know. I'm done. It wasn't the Holy Spirit. It was amended by Mr. Giles. I don't think he's the Holy Spirit. And I did not object, and the judge agreed. I withdraw my last comment. That's okay. Thank you. All right. Thank you, Mr. Hartman. Appreciate it. Are we done because of our red lights? Red light means you get a ticket if you keep going. Do you want to approve or we each reserve? He has time. Mr. Giles has time. Okay. Very good. I can assure that I'm not the Holy Spirit. I withdraw my comment. I don't want to bring that frivolously. Sure. Understood. I agree. Judge Niemeyer, I agree with you. During the oral hearing before Judge Bennett, I did not request an amendment. Obviously, Judge Bennett didn't grant one. The matter was not amended until I filed the first amendment complaint on Friday, October 14th. Okay. Does that cover it? So that matters there. To the extent that this court is going to deal with the wrongful attachment, maybe you guys aren't. This is a point that I started to try to bring up before. Is this rebuttal? To the extent that we've talked about cross-appeal, yes. The cross-appeal is not what you're addressing right now, is it? We can address the cross-appeal. The question is, it's pretty hard to get to the cross-appeal when he didn't argue his appeal on cross-appeal. He didn't argue the cross-appeal. Go ahead. I thought he did, but if he didn't, that's fine. I thought the cross-appeal was the sanctions. He was trying to support you and say there's jurisdiction. Excuse me, Your Honor? He was trying to support you, I think, and say there's jurisdiction here. I think he was trying to support both of us. You don't support him. I don't support him in the sense of the oral amendment. You acknowledge it wasn't amended until it was amended. That's correct, Your Honor. And that means you're out of court, I think. I'll just be honest with you. He's trying to help. He says it was amended before the court addressed it. I disagree with that, Your Honor. It wasn't amended until I filed the First Amendment complaint. And there were things in addition to what were discussed at the oral argument on the 12th that were included in the First Amendment complaint. And the First Amendment complaint, as we discussed before, wasn't dealt with by Judge Bennett's memorandum of opinion. So to the extent that it's still there, then presumably this needs to be dismissed and Judge Bennett needs to pick it up. Okay. Good. We'll come down. We'll take a short break. No, we're not going to come down. We'll come down and brief counsel and then take a short recess. This court will take a brief recess.
judges: Paul V. Niemeyer, Robert B. King, Pamela A. Harris